622 S.E.2d 527

**In the Matter of Timothy Vincent NORTON, Respondent.**

**No. 26066.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Nov. 14, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs & Holmes, of Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension not to exceed two years or an indefinite suspension, provided the indefinite suspension is made retroactive to the date of his interim suspension.[1] We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

### The Domestic Matters

In two family court actions, respondent did not complete qualified domestic relations orders and submit filings in a timely manner. Respondent did not respond to his clients' inquiries which caused delays and, in some instances, prejudice to the rights of his clients.

### The Criminal Matters

In two matters, respondent took fees for criminal representations he did not complete. In a third matter, respondent did not consult with his client before accepting the solicitor's offer to resolve a pending criminal charge and did not return the client's file upon request, thereby causing difficulties with his client's defense.

### The Client Abandonment Matter

In late March 2003, respondent was admitted to a rehabilitation center for alcohol abuse for approximately three weeks. Upon his release from the center, respondent spent the weekend with his family and then left town, leaving no forwarding address, no notice to his clients, and no instructions. Respondent withdrew approximately $4,000 of client funds from his escrow account prior to his departure and used these funds for

---

1. On April 30, 2003, respondent was placed on interim suspension. *In the Matter of Norton*, 365 S.C. 284, 618 S.E.2d 295 (2003).

his own purposes. Respondent made no arrangements for his clients.

Subsequently, respondent was placed on interim suspension by the Court. *See* Footnote 1. Since that time, respondent has had difficulties in recovery and has attempted suicide.

On March 23, 2004, respondent effectively completed a six month recovery program. He is continuing his outpatient efforts and is currently employed in the construction field.

---

Respondent has fully cooperated with ODC in connection with this matter.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4 (lawyer shall keep clients informed); Rule 1.5 (lawyer shall not charge excessive fee); Rule 1.15 (lawyer shall promptly deliver to client any funds or other property to which client is entitled; lawyer shall keep client funds separate from his own funds); Rule 1.16 (lawyer shall withdraw from representation if his physical or mental condition materially impairs the lawyer's ability to represent the client); Rule 3.2 (lawyer shall expedite litigation consistent with interests of client); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[2] In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the

---

**2.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. The suspension shall be retroactive to the date respondent was placed on interim suspension. ODC shall 1) determine the amount of restitution owed to respondent's clients and others who have been harmed as a result of respondent's misconduct and 2) institute a meaningful restitution plan. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.